# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD L. WATTS**, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 19-00231-TFM-B |
| **STATE OF ALABAMA**, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on Plaintiff Richard L. Watts' *pro se* complaint, amended complaint, supplement to amended complaint, and second amended complaint. (Docs. 1, 5, 7, 12). Upon careful review, it is **RECOMMENDED** that this action be **dismissed without prejudice**, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted, and pursuant to Rule 41(b) of Federal Rules of Civil Procedure, for failure to obey the Court's orders.

## I. BACKGROUND FACTS AND PROCEEDINGS

Plaintiff, Richard L. Watts, who is proceeding *pro se*, filed a complaint and a motion to proceed without prepayment of fees on May 13, 2019, and May 20, 2019, respectively. (Docs. 1, 2). On May 23, 2019, the Court granted Watts' motion for leave to proceed without

prepayment of fees and ordered him to file, on or before June 14, 2019, an amended complaint addressing and correcting the deficiencies detailed in the order. (Doc. 4). Specifically, the Court noted that Watts's seventy-nine page complaint was rambling and confusing. As best the Court could discern, Watts appeared to allege that, on or around May 22, 2014, multiple defendants, including police officers, a judge, the State of Alabama, and individuals known to him, had "set [Plaintiff] up" by planting guns in his house and framing him for an offense that he did not commit. (Doc. 1 at 1-4). The Court advised Watts that his complaint, as written, was deficient because it did not set out "a short and plain statement" of each claim that Watts intended to make and the relief he sought against *each defendant separately*, as required by Fed. R. Civ. P. 8(a)(2)-(3) and 10, so as to give each defendant fair notice of what he was claiming and the factual grounds for each claim. (Doc. 4). The Court ordered Watts to correct the noted deficiencies and to refile his complaint by June 14, 2019. (Id.).

On June 14, 2019, Watts filed an amended complaint that consisted of a blank complaint form, with the names of six defendants appended thereto. (Doc. 5). As such, the amended complaint did not correct any of the deficiencies in the original complaint as directed by the Court in its order dated May 23, 2019. (Id.).

On June 28, 2019, Watts filed a one-paragraph supplement to his amended complaint, in which he alleged that John W. Hall and Consumer

2

Mortgage Company, Inc., wrongfully foreclosed on his home while he was in prison and stole his property. (Doc. 7). The allegations in the supplement were unrelated to those contained in Watts' original complaint and, thus, did not correct any of the deficiencies in the original complaint as directed by the Court in its order dated May 23, 2019. (Docs. 5, 7).

In an order dated September 3, 2019, the Court advised Watts that the amended complaint and supplement to the amended complaint failed to correct the deficiencies noted in the Court's May 23rd order and informed him that he would be granted one final opportunity to correct the noted deficiencies. (Doc. 8). Watts was once again instructed to replead his complaint on this Court's complaint form and to assert a short and plain statement of the precise claim(s) that he was asserting *against each Defendant* and the factual grounds supporting said claims. (Id.). Watts was instructed further that he must include only those allegations and claims related to and arising out of the alleged incident(s) occurring on or around May 22, 2014, when he was allegedly framed and arrested for a crime that he did not commit and that he could not include allegations and claims regarding any unrelated events or Defendants. Watts was again cautioned that his failure to timely file an amended complaint that corrected the noted deficiencies as instructed would result in this Court's recommendation that this case be dismissed. (Id. at 5).

3

On September 16, 2019, Watts filed a five-sentence response stating that he is seventy years of age, that he is homeless and unemployed, that an unidentified person "took over a million dollars" from him that he needs to get back, and that he is proceeding *pro se* and seeking a speedy trial. (Doc. 9). On October 9, 2019, the undersigned entered a Report and Recommendation that the action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted, and pursuant to Rule 41(b) of Federal Rules of Civil Procedure, for failure to obey the Court's orders. (Doc. 10).

On October 15, 2019, Watts notified the Court of a change of address. (Doc. 11). On October 22, 2019, he filed a second amended complaint. (Doc. 12). It is not clear when Watts actually received the Court's Report and Recommendation instructing him that he must file any objections thereto within fourteen days of the date of service of the document or whether he received the Report and Recommendation before he filed his amended complaint. Therefore, out of an abundance of caution, the Court **WITHDRAWS** its previous Report and Recommendation (Doc. 10) and considers Watts' second amended complaint (Doc. 12) herein.

**II. DISCUSSION**

Because Watts is proceeding *in forma pauperis*, the Court is reviewing his second amended complaint (Doc. 12) under 28 U.S.C. §

4

1915(e)(2)(B).[1] For proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (involving Fed. R. Civ. P. 12(b)(6) dismissal). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a less stringent standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to

---

[1] The frivolity and failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348.

5

sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

In the instant case, the Court has reviewed Watts' pleadings at length. His second amended complaint (like the original complaint) is rambling, confusing, and, in large part, incoherent. (Docs. 1, 12). Moreover, it fails to provide sufficient factual information so as to place Defendants and the Court on notice of the actions purportedly taken by each Defendant to violate Watts' rights and of the specific claims he is attempting to assert against each Defendant. (Doc. 12). Thus, it does not comply with Rule 8(a) of the Federal Rules of Civil Procedure.

As stated, Watts was given two opportunities over the last six months to amend his complaint and correct the deficiencies detailed in the Court's orders. Indeed, on May 23, 2019, Watts was specifically instructed by the Court to amend his complaint so as to "set[] forth the factual allegations relevant to each claim and to each Defendant," and, for each Defendant, to "(1) detail the

conduct for which he contends each is responsible, and (2) clarify which cause of action he is asserting against said Defendant." (Doc. 4 at 6). Notwithstanding the Court's specific instructions, Watts filed a blank complaint form on June 14, 2019 (Doc. 5), followed by a one-paragraph supplement on June 28, 2019. (Doc. 7). In the supplement, Watts asserted that his mortgage company and an individual identified as John Hall foreclosed on his home while he was in prison. (Doc. 7). Watts' amended complaint and supplement, like his original complaint, failed to set forth "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (citations omitted). Accordingly, Watts' amended complaint (and supplement) failed to meet the low pleading standard required by Rule 8(a) of the Federal Rules of Civil Procedure.

Additionally, on October 22, 2019, Watts filed an eighty-five page second amended complaint, which not only failed to correct the deficiencies highlighted in the Court's orders, but it is even more deficient than his original complaint. (Doc. 12). Indeed, the second amended complaint is devoid of any allegations against any Defendant. Rather, the largely blank complaint form is accompanied by seventy-seven pages of attachments made up of rambling, confusing, incoherent, and unrelated letters, documents, and pictures, most of

which were attached to the original complaint. In this filing, Watts added a letter alleging that his home and property were wrongfully seized and sold by John Hall and Consumer Mortgage, Inc. (Doc. 1; Doc. 12 at 85). This latest pleading completely fails to provide sufficient factual information so as to place Defendants and the Court on notice of the actions purportedly taken by each Defendant to violate Watts' rights and of the specific claims he is attempting to assert against each Defendant. (Doc. 12). Thus, Watts' second amended complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure.

Further, because Watts has failed to correct his pleading deficiencies, the undersigned recommends that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. Indeed, in response to the two orders from the Court explaining to Watts in detail that he must set forth the factual allegations relevant to each claim and to each Defendant separately, Watts filed a blank form; a five-sentence supplement involving an unrelated foreclosure on his home (Docs. 5, 7); a one-paragraph statement that he is seventy years of age, homeless, unemployed, needs to recover a million dollars stolen from him, and

seeking a speedy trial (Doc. 9),[2] and an eighty-five page second amended complaint consisting of a largely blank complaint form with seventy-seven pages of random documents attached. (Doc. 12).

Having carefully reviewed the complaint, the amended complaint, the supplement, and the second amended complaint, the Court observes that they are woefully deficient and do not provide each defendant with fair notice of his claims and the factual grounds on which they are based. As drafted, they are rambling and fail to state a claim upon which relief can be granted. Accordingly, the undersigned recommends that Watts' second amended complaint (and all prior complaints) be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

In addition, the undersigned recommends that this action be dismissed pursuant to Rule 41(b) of the <u>Federal Rules of Civil Procedure</u> for failure to obey the orders of this Court. Rule 41(b) provides for the dismissal of an action when a plaintiff fails to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b); <u>Smith v. HSBC Bank USA, Nat'l Ass'n</u>, 679 Fed. Appx. 876, 879 (11th Cir. 2017). "[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide

---

[2] The Court has construed Watts's motion for a speedy trial (Doc. 9) as a response to the Court's order to file an amended complaint. (Doc. 8). Therefore, the motion is **DENIED as moot**.

9

for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)); Smith, 679 Fed. Appx. at 879 ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.") (citation omitted). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order where plaintiff was given two opportunities to amend his complaint according to the court's specific instructions and failed to do so; failed to name individual defendants and articulate specific claims against those defendants; failed to present his factual allegations in separate, numbered paragraphs; and included numerous statements unrelated to the incident underlying his cause of action.).

Here, the Court has afforded Watts two opportunities over many months to correct the deficiencies in his complaint, and he has failed to do so. Thus, the Court recommends that this action be dismissed without prejudice for failure to obey the orders of the

Court and failure to prosecute.  See Moon, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion); Zow v. Regions Fin. Corp., 595 Fed. Appx. 887, 889 (11th Cir. 2014) (11th Cir. 2014) (if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion); Tanner v. Neal, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); accord Kelly v. Tipton, 2015 U.S. Dist. LEXIS 24088, *3, 2015 WL 845959, *2 (S.D. Ala. Feb. 26, 2015).

**III. CONCLUSION**

For the reasons set forth herein, the undersigned **RECOMMENDS** that this action be **DISMISSED, without prejudice**, pursuant to § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted, and under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to obey the orders of the Court and failure to prosecute.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14)

days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **10th** day of **December, 2019.**

                                        **/s/ SONJA F. BIVINS**
                           **UNITED STATES MAGISTRATE JUDGE**