IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD L. WATTS, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 1:19-cv-231-TFM-B |
| STATE OF ALABAMA, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

On December 13, 2019, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 41(b). *See* Doc. 13. No objections were filed. Plaintiff did file a document on December 13, 2019, but it does not appear to relate to the Report and Recommendation filed. *See* Doc. 14. Regardless, the Court considered the document in conjunction with its review of the Report and Recommendation.

### I. LAW GENERALLY

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a pro se litigant's pleadings, the court does not have "license to serve as de facto counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). When reviewing a case proceeding pursuant to 28 U.S.C. § 1915, the court should first determine whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute. See 28 U.S.C. § 1915(a). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time

if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491-92 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding in forma pauperis).

28 U.S.C. § 1915(e)(2)(B) states in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[1] In ascertaining whether a complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B), the Court follows the same standard as it would when determining whether to dismiss an action under Rule 12(b)(6) for failure to state a claim. *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003). The Court assumes the truth of all plaintiff's allegations

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

for purposes of this determination. *Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1284 (11th Cir. 2006).

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil*, 715 F. App'x at 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

## II. DISCUSSION AND ANALYSIS

Plaintiff has been given two opportunities to correct the deficiencies from his original complaint. He filed his first complaint on May 13, 2019. *See* Doc. 1. The Magistrate Judge performed the initial review under 28 U.S.C. § 1915 and identified several deficiencies. *See* Doc. 4. She entered an order which specifically noted what Plaintiff needed to address in his amended complaint. *Id*. Plaintiff filed an Amended Complaint which did not appear to correct the

deficiencies.  *See* Doc. 5.  Consequently, on October 9, 2019, the Magistrate Judge entered the first Report and Recommendation on the matter.  Doc. 10.  Instead of filing proper objections, Plaintiff simply filed another Amended Complaint.  Doc. 12.  However, the Magistrate Judge performed yet another review and entered the instant Report and Recommendation.  Plaintiff again did not object, but filed a document which discussed his age, health, and generalized complaints about some of the defendants.  However, it fails to address the substance of the Report and Recommendation nor does it correct any of the identified deficiencies in his amended complaints.  However, even with performing a *de novo* review of the case file, the Court agrees with the recommendation of the Magistrate Judge and finds this case does not survive scrutiny under 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff failed to heed the order and warnings from the Magistrate Judge and correct the deficiencies.

### III.    CONCLUSION

Accordingly, the Report and Recommendation of the Magistrate Judge (Doc. 13) is **ADOPTED** and this action is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.  Any remaining motions are **DENIED as moot**.

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 14th day of January 2020.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE